UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RAY JONES, SR., )<br>   )<br>   Plaintiff, )<br>   )<br>   v. )<br>   )<br>LEHIGH SOUTHWEST CEMENT )<br>COMPANY, INC., )<br>   )<br>   Defendant. )<br>   ) | Case No.: 1:12-cv-00633 - AWI - JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND<br><br>(Doc. 11) |

      Plaintiff William Jones, Sr. ("Plaintiff") seeks an order remanding this action to Kern County Superior Court. (Doc. 11). Defendant Lehigh Southwest Cement Company ("Defendant") opposes the motion, asserting the Court has subject matter jurisdiction over the action. (Doc. 14). For the reasons set forth below, Plaintiff's motion to remand is **DENIED**.

**I.     Procedural History**

      On February 23, 2012, Plaintiff filed a complaint against Defendant in Kern County Superior Court, in Case No. S-1500-CV-275957. (Doc. 1, Exh. A). Defendant filed a Notice of Removal on April 20, 2012, asserting the Court has jurisdiction over the matter because the Complaint raises a claim for a breach of a collective bargaining agreement. (Doc. 1 at 2) (citing *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987). In addition, Defendant notes the complaint includes causes of action for racial discrimination under Title VII of the Civil Rights Act of 1964. *Id.*

1

## II.      Jurisdiction

Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court where the district court would have original jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 286, 392 (1987). Specifically,

> Except otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331.

A party seeking removal must file a notice of removal of a civil action within thirty days of receipt of a copy of the initial pleading. *Id.* at § 1446(b). Removal statutes are to be strictly construed, and any doubts are to be resolved in favor of state court jurisdiction and remand. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of proving its propriety. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683-85 (9th Cir. 2006); *see also Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 2274 F.3d 831, 838 ("the burden of establishing federal jurisdiction falls to the party invoking the statute"). The Court may remand an action to state court for lack of subject matter jurisdiction or for defect in the removal procedure. 28 U.S.C. § 1447(c).

## III.     Discussion and Analysis

As the party seeking removal, Defendant "bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403 (9th Cir. 1996) (citing *Gaus*, 980 F.2d at 677-67). The determination of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. Therefore, the complaint must establish "either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008) (citation omitted).

Here, Plaintiff's complaint includes a cause of action for violation of a collective bargaining agreement. (Doc. 1, Exh. A at 1-3). The Ninth Circuit has explained, "A suit for breach of a collective bargaining agreement is governed exclusively by federal law. . ." *Young*, 803 F.2d at 997. Notably, Plaintiff does not dispute the Court's jurisdiction over this claim. (*See* Doc. 11 at 2). Because this cause of action is created by federal law, the Court has subject matter jurisdiction over Plaintiff's complaint. *See Williston Basin*, 524 F.3d at 1100.

**IV.     Conclusion and Order**

Based upon the foregoing, the Court has subject matter jurisdiction over Plaintiff's complaint. Accordingly, **IT IS HEREBY ORDERED**: Plaintiff's motion to remand is **DENIED**.

IT IS SO ORDERED.

Dated:   **May 22, 2012**                         **/s/ Jennifer L. Thurston**
                                                                              UNITED STATES MAGISTRATE JUDGE