UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RAY JONES, SR.,<br><br>            Plaintiff,<br><br>     v.<br><br>LEHIGH SOUTHWEST CEMENT COMPANY, INC.,<br><br>            Defendant. | Case No.: 1:12-cv-00633 - AWI - JLT<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL PRODUCTION OF DOCUMENTS AND TO COMPEL DEFENDANT TO COMPLETE DEPOSITIONS (Docs. 76, 79)<br><br>ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SANCTIONS (Doc. 77) |

Plaintiff William Jones seeks to compel Lehigh Southwest Cement Company, Inc. ("Lehigh" or "Defendant") to respond to his requests for discovery and to compel Defendant to complete their depositions. (Docs. 76, 79.) In addition, Defendant seeks sanctions against Plaintiff for his failure to appear at his deposition. (Doc. 77.) The Court heard oral arguments regarding the parties' motions on January 30, 2014. For the reasons set forth below, Plaintiff's motions to compel are **DENIED** and Defendant's motion for sanctions is **GRANTED IN PART**.

I.      **Procedural History**

On February 23, 2012, Plaintiff filed a complaint against Defendant in Kern County Superior Court, in Case No. S-1500-CV-275957. (Doc. 1, Exh. A.) Defendant filed a Notice of Removal on April 20, 2012, asserting the Court has jurisdiction over the matter because Plaintiff stated claims for a breach of a collective bargaining agreement and racial discrimination under Title VII of the Civil Rights Act of 1964. (Doc. 1 at 2) (citing *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997

(9th Cir. 1987). Plaintiff filed a First Amended Complaint on December 18, 2012 (Doc. 44), to which Defendant filed its Answer on June 28, 2013 (Doc. 59).

The Court held a scheduling conference on July 22, 2013. (Doc. 63.) The Court set a non-expert discovery deadline for October 4, 2013, and expert discovery was to be completed no later than December 6, 2013. (Doc. 63 at 1.) The Court held a mid-discovery status conference on September 26, 2013, at which the deadline for non-expert discovery was extended to December 6, 2013. (Doc. 75.)

In compliance with the Court's schedule, Plaintiff filed a motion to compel responses to his requests for production of documents and to compel depositions on December 4, 2013. (Doc. 76.) On December 26, 2013, Defendant filed a motion for terminating sanctions against Plaintiff for his failure to appear at a deposition or, in the alternative, evidentiary sanctions that preclude Plaintiff from further discovery. (Doc. 77.) Plaintiff filed his opposition to Defendant's motion on December 30, 2013 (Doc. 78), to which Defendant filed a reply on January 23, 2014 (Doc. 83.) Plaintiff filed a second motion to compel Lehigh to respond to his discovery requests on December 30, 2013 (Doc. 79), which Defendant opposed on January 16, 2014 (Doc. 82).

## II. Discovery and Requests

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure and Evidence.[1] Fed. R. Civ. P. 26(b) states:

> Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged manner that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things…For good cause, the court may order discovery of any matter relevant to the subject matter involved in the accident. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Relevancy to a subject matter is interpreted "broadly to

---

[1] Although Plaintiff seeks to compel discovery under both the California Code of Civil Procedure and Federal Rules of Civil Procedure, "[t]he parameters of discovery in a federal action are set by Federal Rule of Civil Procedure 26(b)." *Dagdagan v. City of Vallejo*, 263 F.R.D. 632, 639 (E.D. Cal. 2010); *see also American Ben. Life Ins. Co. v. Ille*, 87 F.R.D. 540, 542 (D.C. Okl. 1978) ("discovery, as a procedural matter, is governed in a federal court only by the Federal Rules of Civil Procedure and state discovery practices are irrelevant"). Accordingly, the standards applied to Plaintiff's discovery motions are those of the Federal Rules.

encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

### III. Plaintiff's Motions to Compel[2]

Plaintiff seeks to compel Lehigh to provide further responses to his Request for Production of Documents, Set One, which he served on Defendant August 28, 2013. (Doc. 76 at 1.) He seeks to have the Court "requir[e] the defendant to produce their client's Alan Rowley, Joe Barrett, Terry Moody, and Sean Pugh for their requested depositions," which Plaintiff noticed on September 21, 2013 and October 21, 2013. (*Id.*) Further, Plaintiff seeks inspection of Lehigh's production plant in Tehachapi, California to "inspect[]… computers for authoritative emails [and] letters." (Doc. 79 at 1.)

#### A. Requests for Production

A party may request documents "in the responding party's possession, custody, or control." Fed.R.Civ.P. 34(a)(1). Similarly, a party may serve a request "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property . . ." Fed.R.Civ.P. 34(a)(2). A request is adequate if it describes items with "reasonable particularity;" specifies a reasonable time, place, and manner for the inspection; and specifies the form or forms in which electronic information can be produced. Fed. R. Civ. P. 34(b). Thus, a request is sufficiently clear if it "places the party upon 'reasonable notice of what is called for and what is not.'" *Kidwiler v. Progressive Paloverde Ins. Co.*, 192. F.R.D. 193, 202 (N.D. W. Va. 2000) (quoting *Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D. 408, 412 (M.D.N.C. 1992)); *see also* Schwarzer, Tashima & Wagstaffe, *California Practice Guide*: *Federal Civil Procedure Before Trial* (Rev. #1 2011) Discovery, para. 11:1886 ("the apparent test is whether a respondent of average intelligence would know what items to produce").

---

[2] In the Court's Scheduling Order, the Court instructed: "No written discovery motions shall be filed without the prior approval of the assigned Magistrate Judge. A party with a discovery dispute <u>must first confer with the opposing party in a good faith effort</u> to resolve by agreement the issues in dispute. If that good faith effort is unsuccessful, the moving party promptly <u>shall</u> seek a telephonic hearing with all involved parties and the Magistrate Judge." (Doc. 63 at 4, emphasis added.) The Court cautioned that if a party failed to comply with Local Rule 251, which includes a met and confer requirement for discovery disputes, the party's motion will be denied without prejudice. (*Id.*) Despite this order, Plaintiff failed to comply with Local Rule 251, and failed to contact the Court prior to filing motions related to a discovery dispute. Thus, on this basis the motions are **DENIED**. Nevertheless, the Court will also address the merits of Plaintiff's motion to compel discovery.

The responding party must respond in writing and is obliged to produce all specified relevant and non-privileged documents, tangible things, or electronically stored information in its "possession, custody, or control" on the date specified. Fed.R.Civ.P. 34(a). Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995). Such documents include documents under the control of the party's attorney. *Meeks v. Parson*, 2009 U.S. Dist. LEXIS 90283, 2009 WL 3303718 (E.D. Cal. September 18, 2009); *Axler v. Scientific Ecology Group, Inc*., 196 F.R.D. 210, 212 (D.Mass. 2000) (explaining a "party must produce otherwise discoverable documents that are in his attorneys' possession, custody or control"). In the alternative, a party may state an objection to a discovery request, including the reasons. Fed.R.Civ.P. 34(b)(2)(A)-(B). When a party resists discovery, he "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 189 F.R.D 281, 283 (C.D. Cal. 1998) (citing *Nestle Food Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990)). Boilerplate objections to a request for a production are not sufficient. *Burlington Northern & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005).

If a party fails to provide discovery requested under Rule 34, the propounding party may make a motion to compel the production of documents. Fed.R.Civ.P. 37(a)(3)(B)(iv). Further, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed.R.Civ.P. 37(a)(4). "The moving party bears the burden of demonstrating 'actual and substantial prejudice' from the denial of discovery." *Hasan v. Johnson*, 2012 U.S. Dist. LEXIS 21578, at *5 (E.D. Cal. Apr. 9, 2012) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)).

Here, Plaintiff has provided copies of his Request for Production of Documents, Set One; his requests for production served with deposition notices; Defendant's responses to his requests; as well communications between the parties concerning the discovery—all of which amount to more than 350 pages. However, Plaintiff fails to identify to which of the discovery requests he believes Defendant failed to respond or to which he believes Defendant provided incomplete responses. As a result, Plaintiff fails entirely to meet his obligation to inform the Court "which discovery requests are the

4

subject of [the] motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why [the opposing party's] objections are not justified." *Ellis v. Cambra*, 2008 U.S. Dist. LEXIS 109050, at *11 (E.D. Cal. Mar. 27, 2008); *see also Brooks v. Alameida*, 2009 U.S. Dist LEXIS 9568, at *5-6 (E.D. Cal. Feb. 10, 2009) (explaining a moving party must "identify which requests he seeks to compel responses to [and] on what grounds he brings his motion").

On the other hand, Plaintiff asserts that Defendant "did not provide any emails from … Alan Rowley, Joe Barrett, and Terry Moody who are with management for Southwest Cement…[and] have the authority to hire and fire employees." (Doc. 76 at 3.) Presumably, this refers to his Request for Production No. 12, which requested Defendant produce:

> Any and all documents sufficient to determine all telephone calls, e-mails, or facsimile transmissions between Joe Barrett, Alan Rowley, Terry Moody, Rita Rivas, [and] Brian Bigley…including but not limited to correspondences, phone records from the following: emails from Joe Barrett to Sean Pugh, emails from Joe Barrett to Terry Moody, emails from Joe Barrett to Rita Rivals, all emails generated by Alan Rowley and Joe Barrett that relate to the incident on August 09, 2011.

(Doc. 78 at 50, emphasis omitted.) Defendant objected to this request, asserting it is overbroad, vague, ambiguous, unduly burdensome, oppressive, and compound because it "contains at least sixteen different requests." (*Id.*) Further, Defendant asserted the request "seeks information that is not relevant to this case or reasonably calculated to lead to the discovery of admissible evidence." (*Id.*) In light of the objections, Defendant did not produce documents responsive to Request No. 12. (*Id.* at 51.)

Plaintiff contends the objections must be deemed "waived" because Defendant failed to serve its response to the discovery requests in a timely manner. (Doc. 76 at 4-5.) Defendant disputes this claim. (Doc. 82 at 4.) As Plaintiff admits, he served the Request for Production of Documents via United States Postal Service on August 28, 2013. (Doc. 79 at 1.) Lehigh mailed its response on September 30, 2013. (Doc. 82 at 5, citing Tejeda Decl. ¶ 3.) Pursuant to the Federal Rules of Civil Procedure, a party has 30 days to respond to a request for discovery, but "[w]hen service is made by mail, a party has an additional three days." *Manriquez v. Huchins*, 2013 U.S. Dist. LEXIS 137839, at *3 (E.D. Cal. Sept. 25, 2013) (citing Fed.R. Civ.P. 6(d)). Consequently, because Defendant's response was mailed within 33 days, it was timely under the Federal Rules of Civil Procedure.

Because Defendant's objections are not waived, Plaintiff has the burden of demonstrating why the objections are not justified.  *Grabek v. Dickinson*, 2012 U.S. Dist. LEXIS 4449 at *2 (E.D. Cal. Jan. 13, 2012); *Ellis*, 2008 U.S. Dist. LEXIS 109040 at *11.  Here, Plaintiff fails to carry that burden.

The discovery requested by Plaintiff is vague and ambiguous, because it is not clear what documents could be "sufficient to determine" what phone calls, e-mails, or facsimile communications occurred between the identified individuals.  The request is vague also in that the Court cannot determine whether he is seeking documents in which all of these people joined in the communication, whether as the sender or receiver of information, or it is seeking documents in which any two of these individuals were a party to the communication. Moreover, the request is compound in that Plaintiff seeks multiple documents from various sources.  Finally, there is no showing that every communication between these people has anything to do with the substance of this litigation and, therefore, it is overbroad.  Accordingly, Defendant's objections to Request for Production of Documents No. 12 are **SUSTAINED**, and Plaintiff's request to compel further responses is **DENIED**.

In addition, by and through his second motion to compel discovery, Plaintiff seeks a surveillance film from Lehigh's plant, EEO-1 reports, documents provided to the Employment Development Department in the State of California, "the complete personnel file that would include any/all unemployment information, termination documents, and any documents pertaining to the accident in question," his "complete wage and salary history," documents with related to "[a]ny charges of discrimination or civil complaints filed against the company," and "[a] copy of Lehigh's insurance policy information."  (Doc. 79 at 4-7.)  However, it is not clear to which Request for Production Plaintiff believes such documents would be responsive because Plaintiff fails to identify such a request and fails to set forth the grounds upon which his motion, in this regard, stands.  The Court will not speculate as to Plaintiff's arguments or Defendant's responses thereto.  Accordingly, Plaintiff's motion to compel the production of these documents is **DENIED**.

**B.     Plaintiff's deposition notices**

On October 18, 2013, Plaintiff noticed the depositions of Joe Barrett and Alan Rowley for December 2, 2013.  (Doc. 76 at 246-47; Doc. 77-4, Hague Decl. ¶ 2.)  In addition, Plaintiff noticed the depositions of Sean Pugh and Terry Moody to take place on December 3, 2013.  (Doc. 76 at 233-34.)

Defendant served Plaintiff with objections to the document requests accompanying the notices, as well as Plaintiff's notice for a deposition of Lehigh designees under Rule 30(b)(6). (*See* Doc. 67 at 233-255; Doc. 77-4, Hague Decl. ¶ 3.) Despite the objections, Defendant indicated Mr. Rowley and Mr. Barrett would appear at the depositions. (Hague Decl. ¶ 3.) Defendant's counsel, Jared Hague, asserts that on November 18, 2013, he attempted to contact Plaintiff by telephone to "confirm his intent to go forward with the December 2, 2013 depositions," but Plaintiff did not return his phone call. (*Id.*, ¶ 4.) Mr. Hague reports Plaintiff failed to appear at the depositions on December 2, 2013 (Hague Decl. ¶ 5), and Plaintiff does not dispute this fact.

Given Plaintiff's failure to appear at the depositions, it is unclear why Plaintiff believes the Court should compel Defendant to complete the depositions. He elected to take the depositions near the end of the discovery period, and then chose not to appear for them. The deadline for discovery has since passed, and Plaintiff has not demonstrated good cause for amending the Court's Scheduling Order. Plaintiff's motion to compel Defendant produce Mr. Barrett, Mr. Rowley, Mr. Pugh, and Mr. Moody for depositions is **DENIED**.

### C. Inspection

Plaintiff seeks to have the Court compel inspection of Defendant's production plant. However, it does not appear Plaintiff made a request for an inspection during the discovery period and, as such, failed to comply with the notice requirements of Fed.R.Civ.P. 34(b)(2)(A). Further, inspection is not likely to lead to the discovery of relevant or admissible evidence Consequently, Plaintiff's request for an order compelling inspection at Defendant's Tehachapi plant (Doc. 79) is **DENIED**.

### D. Request for Sanctions

Plaintiff seeks an award of sanctions related to his motions to compel discovery. (Docs. 76, 79). When a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion." Fed.R.Civ. P. 37(a)(5)(A). Here, however, Plaintiff's motions to compel discovery have been denied. Accordingly, his requests for sanctions are also **DENIED**.

///

## IV. Defendant's Motion for Sanctions against Plaintiff

Lehigh seeks sanctions for his failure to appear at the depositions he noticed. (Doc. 77.) In addition, Defendant asserts "Plaintiff failed to appear at his deposition and attempted to justify his absence by lying about the status of is representation," which Defendant asserts warrants sanctions. (*Id.* at 7, emphasis omitted.) Plaintiff does not deny that he failed to appear for the depositions, and admits that he received the notices for his deposition. (Doc. 78 at 4.) However, Plaintiff asserts that terminating sanctions "would be unjustly harsh as the defendant's has [sic] objected to all the plaintiffs' [sic] attempt[s] to complete his own discovery." (*Id.* at 8.)

### A. Monetary Sanctions

Pursuant to the Federal Rules of Civil Procedure, "A party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to … attend and proceed with the deposition." Fed.R.Civ.P. 30(g)(1). Furthermore, the Court "may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed.R.Civ.P. 30(d)(2). What constitutes reasonable expenses and appropriate sanctions is a matter for the Court's discretion. *See Biovail Laboratories, Inc. v. Anchen Pharmaceuticals, Inc.*, 233 F.R.D. 648, 654 (C.D. Cal. 2006).

Here, Plaintiff noticed the depositions of Joe Barrett and Alan Rowley for December 2, 2013, and did not appear for the depositions. According to Susan Hatmaker, counsel for Defendant, Plaintiff cancelled the reservation he held for the deposition rooms, but failed to inform Defendant. (Doc. 77-1 at 15; Doc. 77-3, Hatmaker Decl. ¶ 3.) Ms. Hatmaker reports she "travelled using her personal vehicle for approximately three hours each way from Fresno to California City to attend the depositions, a distance of approximately 170 miles." (Doc. 77-1 at 15; Hatmaker Decl. ¶ 4.) Ms. Hatmaker incurred lodging expenses totaling $101.75, as she traveled the night before to be at the deposition on December 2, 2013. (*Id.*) Also, Ms. Hatmaker reports she "waited at the deposition location for approximately 30 minutes." (*Id.*) Travel costs, travel time, and lodging are compensable in the form of sanctions where a party fails to appear at a deposition he has noticed. *See FCC v. Mizuho Medy Co.,* 257 F.R.D. 679, 683 (S.D. Cal. 2009) (awarding sanctions including travel costs and attorneys' fees for time traveling to the

deposition); *Biovail Laboratories Inc., v. Anchen Pharmaceuticals, Inc.,* 233 F.R.D. 648, 655 (C.D. Cal. 2006) (awarding sanctions including the cost of round-trip airfare and two nights lodging when a party improperly terminated a deposition). Accordingly, it is appropriate for Ms. Hatmaker's time and travel to be compensated for Plaintiff's failure to appear at the depositions he noticed and his failure to notify Defendant the depositions would not proceed.

In addition, the time expended by Defendant's counsel in bringing this motion is compensable pursuant to Rule 30. *See, e.g., FCC,* 257 F.R.D. at 683; *Biovail Laboratories Inc.*, 233 F.R.D. at 654-55. Jared Hague reports that he spent eight hours in preparing the motion for sanctions, and spent an additional half-hour attending the hearing on this motion. (Doc. 77-1 at 15; Hague Decl. ¶ 25.) However, the Court does not find that eight hours is a reasonable amount of time to prepare the motion. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("The district court . . . should exclude from this initial calculation hours that were not 'reasonably expended.'") Instead, the Court finds the motion should have been prepared in no more than four hours. Accordingly, for Plaintiff's failure to appear at the depositions he noticed, Defendant is entitled to an award of $3,081.35.[3]

### B. Terminating Sanctions

Defendant seeks terminating sanctions for Plaintiff's failure to appear at his deposition pursuant to Rule 37 of the Federal Rules of Civil Procedure, which "authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R. J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983) (citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976)). The Ninth Circuit has determined "sanctions may be imposed even for negligent failure to provide discovery." *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1343 (9th Cir. 1985) (citing *Lew v. Kona Hospital*, 754 F.2d 1420, 1427 (9th Cir.1985); *Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978)).

---

[3] This amount includes 6.5 hours of Ms. Hatmaker's time at a rate of $280 per hour (Hatmaker Decl. ¶ 4) and 4.5 hours of Mr. Hague's time at a rate of $215 per hour (Hague Decl. ¶ 25), which the Court finds to be reasonable rates. In addition, it includes $101.75 for lodging and $192.10 for the 340 miles traveled by Ms. Hatmaker at the Court's current mileage reimbursement rate of $0.565 per mile. *See Zamaro v. Moonga*, 2014 U.S. Dist. LEXIS 4012 at *5, n.1 (E.D. Cal. Jan. 13, 2014).

Dispositive sanctions may be warranted where "discovery violations threaten to interfere with the rightful decision of the case." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007). "A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe," and "[o]nly willfulness, bad faith, and fault justify terminating sanctions." *Id.* at 1096; *see also Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004) (stating that where "the drastic sanctions of dismissal or default are imposed, . . . the range of discretion is narrowed and the losing party's noncompliance must be due to willfulness, fault, or bad faith"). The Ninth Circuit has identified five factors that a court must consider when a party seeks terminating sanctions: "(1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [party seeking terminating sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 186); *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1385 (9th Cir. 1988).

In the case at hand, the public's interest in resolving this litigation weighs in favour of the issuance of terminating sanctions. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"). Further, because the Eastern District of California is one of the busiest federal jurisdictions in the United States and its District Judges carry the heaviest caseloads in the nation, the Court's interest in managing its docket weighs in favour of terminating the action. *See Gonzales v. Mills*, 2011 U.S. Dist. LEXIS 31941, at * 14 (E.D. Cal. Mar. 16, 2011) (finding the Court's need to manage its docket favored dismissal because "[t]he Eastern District of California – Fresno Division has a significantly impacted docket [that] is overly congested, and stalled cases due to a lack of prosecution aggravate the situation").

In addition, Defendant suffered prejudice due to Plaintiff's failure to appear for his deposition. As this Court explained previously, the inability to obtain a plaintiff's deposition "significantly impairs the [defendant's] ability to explore, defend, and challenge the claims against it." *Gonzalez*, 2011 U.S. Dist. LEXIS 31941, at *15 (citing *Stars' Desert Inn Hotel & Country Club v. Hwang*, 105 F.3d 521, 525 (9th Cir. 1997)). In addition, the failure to attend a deposition creates a delay in the litigation,

"which in turn creates a presumption of prejudice." *Id.* (citing *Allen v. Bayer Corp.*, 460 F.3d 1217, 1227 (9th Cir. 2006)); *see also Estrada v. Speno & Cohen*, 244 F.3d 1050, 1059 (9th Cir. 2001) (upholding the entry of default judgment where the defendant failed to appear at deposition); *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990) (prejudice was "palpable" where a party failed to appear at depositions and failed to comply with court orders to produce discovery). Consequently, the risk of prejudice weighs in favor of the issuance of terminating sanctions.

Importantly, however, the public policy favoring disposing of a case on its merits and the availability of less drastic sanctions weigh against the issuance of terminating sanctions. Where sanctions are warranted, the Court is obligated to consider imposing less than terminating sanctions. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987); *United States v. National Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir.1986) ("The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions"). Here, lesser sanctions have not been previously imposed, and Plaintiff received no warning from the Court that his action could be dismissed for failure to appear at the deposition. Significantly, the prejudice suffered by Defendant may be cured by compelling Plaintiff to appear for his deposition.

Accordingly, the Court acts within its discretion to impose monetary sanctions rather than terminating sanctions for Plaintiff's failure to appear at his deposition. *See Wyle*, 709 F.2d at 589; *Nat'l Hockey League*, 427 U.S. at 643. Pursuant to Rule 37, Defendant is entitled to an award of sanctions for the fees and expenses incurred as a result of Plaintiff's failure to appear at his deposition, in addition to the court reporter costs of $198.10 and time expended by counsel waiting for Plaintiff to appear for his deposition, totalling $298.10. (*See* Doc. 77-1 at 25; Doc. 77-2, Macias Decl. ¶ 2.)

**V.     Conclusion and Order**

Plaintiff has failed to carry his burden to demonstrate "actual and substantial prejudice from the denial of discovery." *See Hasan*, 2012 U.S. Dist. LEXIS 21578, at *5; *Hallett*, 296 F.3d at 751. On the other hand, Plaintiff's failure to appear at the depositions which he noticed and failure to appear at his own deposition warrant the imposition of monetary sanctions.

///

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's motions to compel (Docs. 76 and 79) are **DENIED**;
2. Defendant's motion for terminating sanctions is **DENIED**;
3. Defendant's motion for monetary sanctions is **GRANTED** in the amount of **$3,379.45**.
4. Plaintiff **SHALL** appear for deposition on February 13, 2014 at 10:00 a.m. at defense counsel's offices in accordance with the deposition notice attached in support of Defendant's motion as Exhibit 15 and **SHALL** produce documents responsive to the requests set forth in the deposition notice;
5. **Plaintiff is informed that failure to comply with the Court's order to appear for his deposition will result in a recommendation that the action be dismissed pursuant to Local Rule 110 and Rule 37 of the Federal Rules of Civil Procedure**;
6. The scheduling order is amended as follows:
   a. If Defendant chooses to file a dispositive motion, it SHALL be filed no later than **February 28, 2014**. The deadline for a dispositive motion filed by Plaintiff is unchanged. All dispositive motions SHALL be heard no later than **April 23, 2014**;
   b. The pretrial conference is continued to **June 25, 2014** at 10:00 a.m. in Courtroom 2 before Hon. Anthony W. Ishii;
   c. The trial is continued to **August 19, 2014** at 8:30 a.m. in Courtroom 2 before Hon. Anthony W. Ishii.

**No further amendments to the case schedule will be authorized**.

IT IS SO ORDERED.

Dated:   **January 30, 2014**                    /s/ Jennifer L. Thurston
                                                UNITED STATES MAGISTRATE JUDGE