IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RAY JONES, SR.,<br><br>Plaintiff,<br><br>vs.<br><br>LEHIGH SOUTHWEST CEMENT COMPANY, INC., a California Corporation; And DOES 1-50,<br><br>Defendant. | 1:12-CV-0633  AWI JLT<br><br>INFORMATIONAL ORDER REGARDING ENTRY OF JUDGMENT |

    In this action for damages the court granted the motion for summary judgment of defendant, Lehigh Southwest Cement, Inc. ("Defendant") in a memorandum opinion and order filed on May 16, 2014.  A Clerk's Order of Judgment was filed the same date.  Plaintiff William Jones ("Plaintiff") sent an email to the court correctly noting that the language of the Order of Judgment stated that the entry of judgment followed a decision by the court after a "trial or hearing."  Plaintiff correctly noted in his email that there had been no trial or hearing and he therefore objected to the entry of judgment.

    Rule 56 of the Federal Rules of Civil Procedure allows a court to enter judgment upon the motion of a party where there are no issues of material fact and judgment is proper as a matter of law.  Local Rule 78-230(h) allows a court to proceed on the written pleadings of the parties when the court determines that the matter is suitable for decision without oral argument.

As is the case in the vast majority of motions submitted to this court, it was determined that Defendant's motion for summary judgment was suitable for decision without oral argument.

Plaintiff has also expressed concern as to the validity or authenticity of the Judge's signature on the court's order granting summary judgment. Plaintiff is advised that the Judge's signature is applied electronically following the Judge's final review and approval of the order and is an authentic signature for all legal purposes. In this case, the court has issued an Amended Order of Judgment that makes clear that this action was decided upon Defendant's motion for summary judgment and upon submission of the pleadings of the parties without oral argument.

Plaintiff is hereby advised that the time allowed for the filing of a notice of appeal with the Ninth Circuit Court of Appeal begins to run as of the date of the filing of the Amended Order of Judgment. It is the obligation of Plaintiff to give proper notice to the Ninth Circuit of his intention to appeal the entry of judgment in his case if he wishes to challenge all, or any part of, the court's order on Defendant's motion for summary judgment. Further communication with this court is not appropriate and will be disregarded.

IT IS SO ORDERED.

Dated: __May 27, 2014__         _____
                                SENIOR DISTRICT JUDGE