IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RAY JONES, SR.,<br><br>**Plaintiff,**<br><br>vs.<br><br>LEHIGH SOUTHWEST CEMENT COMPANY, INC., a California Corporation; And DOES 1-50,<br><br>**Defendant.** | 1:12-CV-0633  AWI JLT<br><br>**ORDER ON PLAINTIFF'S "MOTION FOR RELIEF OF JUDGMENT, ORDER AND BILL OF COST FROM DEFENDANTS"**<br><br>Doc. #'s 97 and 102 |

On May 16, 2014, the court issued a memorandum opinion and order granting the motion for summary judgment on the second amended complaint of plaintiff William Ray Jones, Sr. ("Plaintiff") by defendant Lehigh Southwest Cement Company ("Defendant"). Plaintiff's second amended complaint ("SAC") alleged a single claim for relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1). The court's order of May 16 (hereinafter, the May 16 Order") granted Defendant's motion for summary judgment on the ground that Plaintiff had failed to produce evidence to show that his termination at was the result of racially discriminatory motivation. The court analyzed the adequacy of Plaintiffs' Title VII claim according to the three elements set forth in <u>Moore v. City of Charlotte N.C.</u>, 754 F.2d 1100 (4th Cir. 1985).  There elements are: (1) the plaintiff is a member of a protected class; (2) plaintiff engaged in conduct similar to workers outside the protected class; and (3) the plaintiff was

disciplined more harshly than the non-class members who engaged in similar conduct.  Id. at 1105-1106.

The court noted that Plaintiff's employment was terminated following an accident in which a vacuum truck whose movement Plaintiff was supervising collided with an object on the floor causing in excess of $100 damages.  The evidence presented showed that Plaintiff was subjected to disciplinary action and ultimately termination because; (1) he tested positive for the presence of cannabinoids in his urine following a drug screening and confirmatory drug test required under his employment contract; and (2) because he failed to report the accident to any supervisory person.  The court's May 16 Order that "Plaintiff's failure to adduce any facts at all regarding Defendant's treatment of employees outside Plaintiff's protected category who have been involved in accidents resulting in injury or monetary loss over $100 is fatal to both Plaintiff's prima facie case and to any chance of showing that Defendant's reliance on drug testing results to terminate Plaintiff were pretextual.  Doc. # 92 at 8:9-14.

Currently before the court is Plaintiff's motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment."  The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken."  Id.

Plaintiff's Motion for Relief ("Motion") is somewhat ambiguously worded, but the following appears to summarize the substance of Plaintiff's motion:

> The [D]efendants failed to provide important details regarding major changes that would have definitely resulted in a different decision by Judge Ishii. The [P]laintiff provided the court with details in his Motion in Opposition to the [D]efendant's Summary Judgment (opposition filed March 3, 2014 in Fresno); the new details include the firing of all key employees mentioned in the [D]efendant's affidavits and declarations. The [P]laintiff's submission to the court that LehighSouthwest Cement employees, Rita Rivas and others employed with Lehigh Southwest Cement were implicated along with Tehachapi Valley Hospital District (who were also fired) in the falsification of a drug test for the [P]laintiff.

Apparently this information was either overlooked or ignored by the court. Doc. # 2:21-3::4.

As the observed in its May 16 Order, Plaintiff did not submit anything resembling a set of disputed or undisputed facts in opposition to Defendant's motion for summary judgment. Rather, Plaintiff attached a 232-page assemblage of emails, witness statements, court pleadings and the like. The court has reviewed this collection of documents and can find nothing that substantiates what Plaintiff appears to contend were irregularities with the testing of Plaintiff's urine for unauthorized drugs; or what Plaintiff terms a "staged" drug test. The relevance of Plaintiff's allegation that Defendant fired "all key employees" is not explained nor is there any evidence to substantiate the allegation. Even if there was evidence that all the key individuals who gave accounts of the accident (and those involved in the drug testing) were fired, there is no connection the court can discern between that and proof of a racial motivation behind Plaintiff's termination.

To the extent Plaintiff is attempting to assert that he was prevented from accessing information critical to his case; Defendant correctly points out that the problem was of Plaintiff's own making inasmuch as it was Plaintiff who scheduled the depositions and failed to appear at them. Plaintiff has presented no reason why the decision of the Magistrate Judge denying modification of discovery following Plaintiff's motion should be reconsidered.

The court notes that Plaintiff a document on July 28, 2014, titled "Notice of Motion to Vacate: Sur Reply to Defendant's Answer to Plaintiff's Motion for Relief from Judgment" (hereinafter, the "Sur Reply"). Doc. # 102. Although captioned as a motion and originally docketed as such by the court, the Sur Reply is actually a response to Defendant's opposition to Plaintiff's motion for relief from judgment. The Sur Reply reasserts the allegations of the Motion and takes issue with some of the costs submitted by Defendants for depositions and lab

results. The court has examined Plaintiff's Sur Reply and finds there is nothing set forth therein that alters the court's conclusion that Plaintiff is not entitled to relief from judgment pursuant to Rule 60(b).

The court finds Plaintiff has failed to articulate any reason he should be granted relief from judgment pursuant to Rule 60(b).

THEREFORE, it is hereby ORDERED that Plaintiff's motion for relief from judgment pursuant to Rule 60(b) is DENIED. The case shall remain CLOSED.

IT IS SO ORDERED.

Dated:   September 30, 2014                    _____
                                                SENIOR DISTRICT JUDGE