IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RAY JONES, SR.,<br><br>**Plaintiff,**<br><br>vs.<br><br>LEHIGH SOUTHWEST CEMENT COMPANY, INC., a California Corporation; And DOES 1-50,<br><br>**Defendant.** | 1:12-CV-0633 AWI JLT<br><br><br>**ORDER ON PLAINTIFF'S SECOND MOTION FOR RELIEF FROM JUDGMENT**<br><br>Doc. # 104 |

On May 16, 2014, the court issued a memorandum opinion and order granting the motion of defendant Lehigh Southwest Cement Co., Inc. ("Defendant") for summary judgment on the second amended complaint of plaintiff William Ray Jones, Sr. ("Plaintiff"). Plaintiff's second amended complaint ("SAC") alleged a single claim for relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1). The court's order of May 16 (hereinafter, the May 16 Order") granted Defendant's motion for summary judgment on the ground that Plaintiff had failed to produce evidence to show that his termination of employment by Defendant was the result of unlawful racial discrimination. On July 28, 2014, Plaintiff filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Doc. # 102. That motion was denied by the court's order filed on September 30, 2014. Doc. # 103.

On June 19, 2015, Plaintiff filed the instant motion for reconsideration, again pursuant to Rule 60(b). The legal standard for determination of a motion for relief under Rule 60 was set forth in the court's order of September 30, 2014, and need not be repeated here.

As has been the case with prior pleadings by Plaintiff, it is somewhat difficult to discern precisely the alleged grounds for reconsideration. It appears to the court that Plaintiff's second motion for reconsideration alleges two bases for relief. The first appears to be a collection of complaints about how the court ignored certain facts pertaining to the conduct of Defendant after Plaintiff's termination, including the firing of a number of former employees who were participants and/or witnesses in Plaintiff's termination, and ignored Plaintiff's request for a hearing after taking the prior motion for relief under submission. An additional complaint, expressed for the first time in the current motion for reconsideration, is that Plaintiff only had three days to file an opposition to Defendant's motion for summary judgment.

The first two "complaints" were dealt with in the court's prior order denying reconsideration. In summary, the court did not ignore the additional facts proffered by Plaintiff; the court simply found those facts not relevant to the determination of whether Plaintiff was terminated as a result of unlawful discrimination. With regard to not providing a hearing, the court has explained that it considers most matters, including motions for consideration, suitable for decision without oral argument. Plaintiff's prior motion for reconsideration was no exception. In any event, the court must assume that by now Plaintiff has articulated all the facts available to him to support his request for reconsideration on the merits. It remains the case that the court can find no factual basis warranting reconsideration.

The complaint regarding the lack of time for preparation of an opposition to Defendant's motion for summary judgment appears to have been a result of a misunderstanding regarding the local rules of procedure. Plaintiff alleges that the Scheduling Order in effect at the time required that all dispositive motions be filed by March 4, 2014. Plaintiff alleges Defendant filed its opposition on February 28, 2014, leaving Plaintiff only three days to file an opposition. Since an opposition to a motion is not the motion itself, it need not be filed by the deadline established by

the scheduling order but may be filed anytime within the fourteen days allowed by Local Rule 78-230.  The court regrets Plaintiff's misunderstanding of the rules but must conclude that, given the absence of any fact or allegation of any fact that would tend to show that Plaintiff suffered unlawful discrimination, the misunderstanding was harmless.

The final ground for relief asserted by Plaintiff is new.  It is Plaintiff's contention that Judge Ishii did not sign or file an order granting summary judgment to Defendant; but that the order that was filed was written by opposing counsel and/or that Judge Ishii's chambers staff colluded to forge the Judge's electronic signature on a document that was not reviewed or approved by the Judge.  This contention is untrue and lacks merit.

The court concludes that Plaintiff has failed to allege facts to show that he is entitled to relief under Rule 60 from the court's May 16 Order granting summary judgment to Defendant.  Plaintiff's second motion for relief from judgment is therefore DENIED.  The case remains CLOSED.

IT IS SO ORDERED.

Dated:   June 30, 2015                          _____
                                                SENIOR  DISTRICT  JUDGE