1

2

3

4

5

6                           UNITED STATES DISTRICT COURT

7                           EASTERN DISTRICT OF CALIFORNIA

8

9    WILLIAM RAY JONES, SR.,                    CASE NO. 1:12-CV-633 AWI JLT

10              Plaintiff

11   v.                                          ORDER TO SHOW CAUSE AND FOR
                                                 PERSONAL APPEARANCE OF
12   LEHIGH SOUTHWEST CEMENT                     WILLIAM RAY JONES, SR. AND
     COMPANY, INC.,                              HELENE JONES
13
                Defendant
14

15

16          This was an employment related dispute between Plaintiff William Ray Jones, Sr. ("Mr.

17   Jones") and his former employer.  On May 16, 2014, the Court granted summary judgment in

18   favor of Defendant.  (Doc. 92)

19          On June 25, 2014, Mr. Jones filed a Rule 60 motion for relief from judgment.  (Doc. 97)

20   Mr. Jones argued in his motion that relief was appropriate because the Court either overlooked or

21   ignored certain information, defense counsel engaged in deceitful conduct, and the Court did not

22   adequately address his Rule 56(d) motion.  Id.  The undersigned took the Rule 60 motion under

23   submission on July 25, 2014.  (Doc. 101)  As part of a reply in support of his Rule 60 motion, Mr.

24   Jones stated *inter alia* that defense counsel was misleading the Court, that he believed the

25   summary judgment order was fraudulent and not signed by the undersigned, and that the deputy

26   clerk and law clerks are friends with defense counsel.  (Doc. 102)  The Court denied the Rule 60

27   motion on September 30, 2014.  (Doc. 103)

28          On June 19, 2015, Mr. Jones filed a second motion for reconsideration.  (Doc. 104)  In this

1  motion, Plaintiff stated *inter alia* that the undersigned never "gave" Defendant summary

2  judgment, that defense counsel committed fraud upon the Court with the knowledge of court staff

3  (including a former and current court room deputy), that Plaintiff views the conduct of court

4  employees as "beyond contemptible," that the conduct of court employees is "criminal," that he

5  feels "victimized" by court employees, that each time he tried to bring this improper conduct to

6  the attention of the court he was met with contempt by court employees, that court employees

7  have turned the Court into a "pay for play" environment, that documents were tampered with and

8  not presented to the court, that defense counsel committed crimes along with court employees, that

9  court staff submitted forged documents to cause the termination of this case, that the poor

10 grammatical structure of the summary judgment order shows that it was not actually authored by

11 the undersigned, and that October 12, 2012 was the last time that the undersigned issued any

12 rulings or viewed any documents pertaining to this case.  Id.

13     On June 30, 2015, the Court denied Mr. Jones's second Rule 60 motion.  (Doc. 106)  The

14 Court noted Mr. Jones's contention that the undersigned did not sign various orders and that the

15 orders were forged through collusion between court personnel and defense counsel.  See id.  The

16 Court responded, "This contention is untrue and lacks merit."  Id.

17     Both prior to and after the June 30, 2015 denial of the second Rule 60 motion, Mr. Jones

18 and his wife, Helene Jones ("Mrs. Jones") have attempted to contact court personnel through

19 various means.  This conduct has significantly escalated following June 30, 2015.[1]  In the various

20 communications, Mr. and Mrs. Jones *inter alia* state that their civil rights are being violated,

21 orders are not actually being signed by the undersigned, court personnel are forging the

22 undersigned's signature, and court personnel are improperly filtering what information and filings

23 are presented to the undersigned.

24     Additionally, the Court recently requested that a United States Marshal speak to Mr. and

25 Mrs. Jones about this case and their continued and numerous attempts to contact court personnel

26 regarding "forged" orders.  In response to that attempt, Mr. and Mrs. Jones sent the Clerk of the

---

[1] Recently Mr. and/or Mrs. Jones have contacted various personnel in the Clerk's office, the chambers of Magistrate Judge Thurston, the chambers of Chief Judge England, the chambers of the undersigned (including the undersigned), and at least one family member of court personnel.

2

Court an e-mail accusing court personnel of harassment, intimidation, witness tampering, and evidence tampering "under cover of law."

In pertinent part, Rule 11(b) reads:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> > . . . .
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

Fed. R. Civ. Pro. 11(b)(1), (3).  Thus, Rule 11 imposes a duty on litigants to certify that (1) they have read the pleadings or motions they file, and (2) the pleading or motion is grounded in fact, has a colorable basis in law, and is not filed for an improper purpose.  See Smith v. Ricks, 31 F.3d 1478, 1488 (9th Cir.1994).   A court considering whether to impose sanctions under Rule 11 should consider whether the position taken was "frivolous," "legally unreasonable," or "without factual foundation, even if not filed in subjective bad faith." Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir.1986).

Furthermore, courts are "endowed with inherent powers which are necessary to the conduct of their business, including the power to sanction." Yagman v. Republic Ins., 987 F.2d 622, 628 (9th Cir. 1993).  A court has the inherent authority to issue sanctions against parties and non-parties to an action based on their conduct.  In re Rainbow Magazine, Inc., 77 F.3d 278, 282 (9th Cir. 1996); Corder v. Howard Johnson & Co., 53 F.3d 225, 232 (9th Cir. 1995); Eleanora J. Dietlein Trust v. Am. Home Mortg. Inv. Corp., 2014 U.S. Dist. LEXIS 143237, *4 (D. Nev. Oct. 7, 2014); Bartos v. Pennsylvania, 2010 U.S. Dist. LEXIS 43937, *14-*15 (M.D. Pa. May 5, 2010); Adams v. Penn Line Servs., 620 F. Supp. 2d 835, 839 (N.D. Ohio 2009).  A court's inherent powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991).  In order to impose sanctions under the court's

inherent powers, the court must make a specific finding of "bad faith or conduct tantamount to bad faith." <u>Gomez v. Vernon</u>, 255 F.3d 1118, 1134 (9th Cir. 2001); <u>Fink v. Gomez</u>, 239 F.3d 989, 994 (9th Cir. 2000). "Under this standard, although recklessness, of itself, does not justify the imposition of sanctions, sanctions are available when recklessness is combined with an additional factor such as frivolousness, harassment, or an improper purpose. Sanctions, then, are justified when a party acts for an improper purpose -- even if the act consists of making a truthful statement or a non-frivolous argument or objection." <u>Gomez</u>, 255 F.3d at 1134; <u>Fink</u>, 239 F.3d at 992, 994. Sanctions through inherent powers "must be exercised with restraint and discretion." <u>Chambers</u>, 501 U.S. at 44. "District courts have broad discretion in fashioning sanctions." <u>Molski v. Evergreen Dynasty Corp.</u>, 500 F.3d 1047, 1065 n.8 (9th Cir. 2007).

The Court is troubled by the allegations and conduct of Mr. & Mrs. Jones. Accusing the court and court personnel of fraudulent conduct through the use of forged orders is extremely serious. The Court is aware of the orders it signs, and the Court is aware of no legitimate basis for Mr. and Mrs. Jones to make allegations of forgery and fraud by court personnel. Repeated communications by Mr. and Mrs. Jones that raise the same allegations of forgery by court personnel suggests bad faith, as they appear to serve no purpose but harassment. Further, challenging every order that has issued from the Court post-October 2012 as "forgeries" interferes with the Court's ability to resolve this and other cases. The time spent by court personnel in receiving and reviewing the communications from Mr. and Mrs. Jones about allegedly forged orders is time that could have been spent on other pending matters. The conduct and complaints of Mr. and Mrs. Jones towards court personnel is interfering with the Court's ability to conduct its operations. Finally, Mr. and Mrs. Jones are discounting, and characterizing as either acts of intimidation or acts of fraud, the Court's attempts to explain that no forgery is occurring.

In light of the above, the Court finds that it is appropriate to issue an order to show cause. Mr. and Mrs. Jones will be ordered to personally appear in Court before the undersigned and to show cause why sanctions should not be imposed against them under the Court's inherent authority, and against Mr. Jones for violation of Rule 11(b)(1) and/or 11(b)(3) with respect to his June 19, 2015 Rule 60 motion.

Accordingly, IT IS HEREBY ORDERED that:

1.  William Ray Jones, Sr. is to personally appear before the undersigned in Courtroom No. 2 on Monday, July 20, 2015 at 1:30 p.m. in order to show cause why he should not be sanctioned under the Court's inherent authority and Federal Rule of Civil Procedure 11(b), as discussed above;

2.  Helene Jones is to personally appear before the undersigned in Courtroom No. 2 on Monday, July 20, 2015 at 1:30 p.m. in order to show cause why she should not be sanctioned under the Court's inherent authority, as discussed above; and

3.  The failure of Mr. and Mrs. Jones to obey this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: __July 9, 2015__                        _____

                                                         SENIOR  DISTRICT  JUDGE

5